## ORVILLE G. BENNETT *against* EDWARD KIDDER.

Plaintiff, a real estate broker, being employed by B., a person desirous of purchasing a residence, to find for him such a place as he desired, introduced him to defendant, who had a place to sell, and informed defendant that if B. purchased the property, defendant would have to pay plaintiff the usual commission. Defendant had negotiations with B. in regard to the sale of the property, but failed to come to an agreement as to the terms, and defendant then sold the property to his brother, who, eleven days thereafter, sold it to B. *Held*, that in the absence of any evidence to show that the sale by defendant to his brother, and the subsequent conveyance by him to B., was done to defraud plaintiff of his commissions, he could not recover them from defendant.

*It seems* that plaintiff, having been employed by B., any agreement made by plaintiff with defendant for commissions, was void as a fraud upon B., in the absence of proof that B. was apprised of such agreement, and assented thereto. *Per* ROBINSON, J.

APPEAL from a judgment of this court entered on the verdict of a jury.

The action was brought to recover broker's commissions on a sale of real estate.

The facts are fully stated in the opinion of ROBINSON, J.

The plaintiff had a verdict, and the defendant appealed.

*B. E. McCafferty*, for appellant.

*Cephas Brainerd*, for respondent.

ROBINSON, J.—This action was brought to recover brokerage upon a sale of real estate alleged to have been effected, through plaintiff and his copartner (Klennan), real estate brokers, upon the employment of them by the defendant, all of which was at issue. The testimony of Klennan, in support of the claim, was, that Mr. Batchelor, the purchaser of the property, applied to the plaintiff to try and find for him some suitable residence outside of this city, and in consequence of that request they advertised for places and submitted numbers

of them to him. He advised them of a Mr. Westbrook living near the property for the sale of which the brokerage is claimed, to whom they applied and he submitted to them the property in question. They submitted it to Mr. Batchelor, who, on the 9th of March, 1869, accompanied the witness Klennan to Ridgewood, N. J., where they met defendant and Mr. Westbrook by appointment. Mr. Batchelor got into a wagon with Westbrook, and Klennan into one with the defendant, to visit the premises. Klennan testifies that while on the way to the property he distinctly told the defendant that if Batchelor became the purchaser, he (defendant) would be indebted to plaintiff's firm for the regular commission of 2 per cent.; that defendant told him the property stood him in $14,000, and he wanted to get that out of it, "net;" that he wanted plaintiffs to get their commission above that, but he (the witness) declined, and wanted it distinctly understood whatever the property was sold for to Mr. Batchelor, plaintiff expected a full commission of 2½ per cent. He subsequently stated the price to Mr. Batchelor to be $16,000. No such sale was effected by plaintiff's firm, or either of them, to Mr. Batchelor. Defendant repeatedly applied to them to know what progress was made in the matter, and nothing having been done, nor any offer made by Mr. Batchelor, he agreed with his brother, Frederick Kidder, to sell him the property for $14,000, which sale was consummated by a conveyance on the 20th of March, 1869. The latter soon afterwards (assisted by defendant) renewed negotiations with Mr. Batchelor, and sold and conveyed him the property by deed, dated March 31, 1869, for $14,250, and it is upon this transaction the plaintiff claims the brokerage as accrued, and has recovered therefor. There is no allegation in the complaint nor finding by the referee, that the conveyance made by defendant to his brother, was executed with any purpose of defeating plaintiff's claim to the commission, through any preconcerted scheme to avoid its payment.

The complaint is founded upon an alleged sale of defendant's property effected by plaintiff and his partner, as brokers. This alleged cause of action was not maintained by the proofs. Fraud is not to be presumed nor lightly inferred from slight

or inconclusive circumstances. When relied upon as a substantial ground of recovery, it must be distinctly alleged, and a case stated constituting a cause of action upon such premises. There was no suggestion in the complaint of any such evasion of defendant's obligations; and the proofs, on the contrary, disclosed nothing but entire good faith on his part, in making the previous conveyance to his brother. No offer or proposals had then been made by Mr. Batchelor, which defendant could be supposed to be entertaining or coyishly weighing with intent to avoid paying commissions. The *bona fides* of the conveyance made to his brother before the renewed negotiations for the sale, by the latter, to Mr. Batchelor, was affirmatively established. The defendant further offered to prove, by way of showing that it was not a sham sale, that he retained no interest in the property; but upon plaintiff's objection, this was excluded under exception. Under the case which plaintiff presented, founded alone on the want of good faith in that conveyance, error was clearly committed in the exclusion of this testimony. The entire good faith of the defendant in the absence of any affirmative evidence to the contrary, was shown by his sincerely expressed regrets when applied to for a renewal of the negotiations, *that he had unfortunately sold the property to his brother;* and there was not a scintilla of evidence tending to show that he had not, after ineffectual efforts to sell the property for $14,000 net, made the sale to his brother for that sum, in entire good faith. The case also shows that Mr. Westbrook was the person acting in the transaction as defendant's broker or agent. Beyond this, it clearly appears that plaintiff, and Klennan, his partner, were originally retained, and throughout were, or ought to have been, the brokers for Mr. Batchelor, to effect the purchase of defendant's property from him. It is affirmatively shown that Mr. Klennan, one of plaintiffs' firm, after being so employed, and when the parties were brought together, stated privately to defendant that commissions would be exacted from him if the sale to Batchelor should be effected, and that this was (as he testifies, but is contradicted by defendant) *understood.* Upon such evidence a recovery has been obtained by the plaintiff.

It is wholly incompetent to establish the right asserted. Plaintiff and partner, as brokers, were employed by Batchelor, the purchaser; Klennan (the partner) discloses his gross perversion of his duty to his employer in the alleged agreement, when he and defendant were together in the wagon on the way to the premises, when his employer was proceeding to examine the premises. He was then advised that defendant only asked $14,000, "net," as the price of the property. He says he then exacted from defendant an agreement to pay him two and a half per cent. on the amount for which the property should be sold to Batchelor, his employer, and that defendant so agreed. Although the net price asked was but $14,000, he yet stated it to Mr. Batchelor to be $16,000, and this could only have been done with a view of obtaining all realized by defendant over that sum to his own benefit, or at least to secure commissions on the larger amount. In either view, he was cheating some one in order obtain some advantage that neither law or justice permitted. That he betrayed the interest of Mr. Batchelor, his employer, is manifest from his own testimony, and his alleged private contract with the defendant was manifestly void as a fraud upon his employer.

This judgment, rendered in favor of the plaintiff for the commission on the sale made by Frederick Kidder to Mr. Batchelor, cannot be sustained.

1st. Because that sale proved was not the one for which commission is claimed by the complaint.

2d. No such sale was made by the defendant, nor is the action upon any "*case*" of fraud in the device of conveying the property to Frederick Kidder, and making a sale already substantially *effected* by plaintiff's firm, with the object of defeating the claim to commissions.

3d. The sale proven was by a subsequent purchaser, without impeachment of its being in defendant's interest, as proof of the absence of defendant's interest was excluded on plaintiff's objection.

4th. No fraud being alleged, or proven, or found by the referee, no such commissions as were claimed could be recovered for the sale made by Frederick Kidder to Mr. Batchelor.

5th. Plaintiff's firm having been employed by the latter, any agreement with the defendant for commissions, was void as a fraud upon him, in the absence of any proof that he was apprised thereof and assented thereto.

For these considerations, the judgment should be reversed, and a new trial ordered in the Marine Court, with costs to abide the event.

LARREMORE, J.—There was some evidence to sustain the finding of the jury as to an employment by the defendant of plaintiff's firm. Batchelor applied to them for information, merely as any other person might apply to a broker supposed to have property for sale.

In the absence of any special agreement to that effect, Batchelor was under no legal obligation to pay said firm for finding such a place as he might purchase. Nor is it shown or pretended that any such claim against him was ever made or existed.

The fact that said firm used the necessary means to procure such property as was required, and upon the sale of which by them to Batchelor commissions would be earned, established no other or different relation between them than that of broker and purchaser.

If the property in question had been in plaintiff's hands for sale when Batchelor first applied to them, their agency for its owner would have been unquestioned. That such agency was subsequently established does not in the least affect their right of recovery. This right has been settled by the jury upon conflicting evidence, and is not, upon the exceptions taken, a subject of review.

The more serious question, however, is presented by the fact of defendant's sale of the premises to his brother, who subsequently conveyed the same to Batchelor.

There is no presumption of law that said sale (as shown to have been made) was fraudulent as to plaintiff. If he sought to assail it on that ground, he should have alleged and proved the facts from which such a conclusion could be drawn. This

he has failed to do, and for this reason the judgment should be reversed, and a new trial ordered, with costs to abide the event.

DALY, Ch. J., concurred with ROBINSON, J.

Judgment reversed.